UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL D. EVANS,

        Petitioner,

                              Case Number 08-10316

v.                                 Honorable Thomas L. Ludington

C. EICHENLAUB,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING RESPONDENT'S MOTION FOR AN EXTENSION OF TIME

Petitioner Michael Evans, presently confined at Milan Federal Correctional Institution in Milan, Michigan, has filed a pro se petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner asserts that the Federal Bureau of Prisons has withheld legal documents from him and incorrectly classified him as a violent criminal. Currently pending before the Court are Petitioner's motion for appointment of counsel and Respondent C. Eichenlaub's motion for an extension of time to file a responsive pleading.

Petitioner alleges in his motion for appointment of counsel that his claims are not frivolous and that he is not schooled in the law or in a position to research and investigate the issues.

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether "exceptional circumstances" exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (citations and quotations omitted). The determination whether to appoint counsel is "a decision left to the sound discretion of the district

court, and this decision will be overturned only when the denial of counsel results in fundamental unfairness impinging on due process rights." *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) (citations and quotations omitted). The denial of counsel in this case will not result in fundamental unfairness because Petitioner has demonstrated the skill and ability needed to present his claims to the Court.

Next, Respondent requests additional time to file a response to the petition for habeas corpus. Under the Federal Rules of Civil Procedure, courts may extend the time to file a pleading if the party demonstrates "good cause." Fed. R. Civ. P. 6(b)(1)(A). Respondent contends that he has not received the necessary information to timely file a response. The Court concludes that Respondent has demonstrated good cause and will grant the extension.

Accordingly, it is **ORDERED** that Petitioner's motion for appointment of counsel [Dkt. #6] is **DENIED**.

It is further **ORDERED** that Respondent C. Eichenlaub's motion for an extension of thirty days to file a responsive pleading [Dkt. #5] is **GRANTED**. The responsive pleading shall be due **on or before May 5, 2008.**

        s/Thomas L. Ludington
        THOMAS L. LUDINGTON
        United States District Judge

Dated: April 29, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 29, 2008.

        s/Tracy A. Jacobs
        TRACY A. JACOBS