UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL E. EVANS,

        Petitioner,

v.                                                    Case Number 08-10316
                                                    Honorable Thomas L. Ludington

C. EICHENLAUB,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION
## TO ALTER OR AMEND THE JUDGMENT

Petitioner Michael E. Evans, a federal inmate at the Federal Correctional Institution in Milan, Michigan, has filed a motion to alter or amend the Court's judgment dismissing his habeas corpus petition. Petitioner filed his motion under Federal Rule of Civil Procedure 59(e). The Court will deny the motion.

A

"The purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate,* 858 F.2d 322, 326 (6th Cir.1988) (quoting *Charles v. Daley,* 799 F.2d 343, 348 (7th Cir.1986)). "Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Id*. (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)).

"A court may grant a Rule 59(e) motion to alter or amend [only] if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)

(alteration added), *cert. denied*, 547 U.S. 1070 (2006). "This standard is not inconsistent with the 'palpable defect' standard" applied in this District when addressing motions for reconsideration. *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006). Pursuant to local rule,

> the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(g)(3) (E.D. Mich. Dec. 1, 2005).

B

Petitioner has been convicted of one count of unlawful receipt and possession of an unregistered firearm, 26 U.S.C. § 5861(d), and two counts of unlawful transfer of an unregistered firearm, 26 U.S.C. § 5861(e). One of the issues in the petition for habeas corpus was whether the Federal Bureau of Prisons incorrectly classified Petitioner's crimes as crimes of violence. The Court held that the Bureau of Prisons did not abuse its discretion when it determined that Petitioner committed a crime of violence. In reaching this conclusion, the Court relied on *United States v. Owens*, 447 F.3d 1345 (11th Cir. 2006), *cert. denied*, __ U.S. __, 127 S. Ct. 2934 (2007), which held that possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d), constitutes a crime of violence for the purpose of enhancing a federal defendant's sentence under the United States Sentencing Guidelines (U.S.S.G.).

Petitioner alleges in his pending motion that the Court should have relied on *United States v. Amos*, 501 F.3d 524 (6th Cir. 2007), not *Owens* or *United States v. Jennings*, 195 F.3d 795 (5th Cir. 1999), which is quoted in *Owens*. However, the defendant in *Amos* pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). His criminal history included

a prior conviction for possession of a sawed-off shotgun, and the issue was "whether a defendant's prior conviction for possession of a sawed-off shotgun can serve as a predicate 'violent felony' for purposes of a sentencing enhancement under the Armed Career Criminal Act." *Amos*, 501 F.3d at 525. The Sixth Circuit held that "that a prior conviction for possession of a sawed-off shotgun does not amount to a violent felony under [the Armed Career Criminal Act]." *Id*. at 530.

*Amos* does not address the question of whether offenses committed in violation of 26 U.S.C. §§ 5861(d) and (e) are crimes of violence, and the Court has not located any Sixth Circuit decisions on that issue. Furthermore, the Eleventh Circuit stated in *Owens* that, although mere possession of an unregistered weapon includes no use of force, "the possession of an unregistered weapon . . . constitutes conduct beyond mere possession of a weapon and . . . poses 'a serious potential risk of physical injury to another.'" *Owens*, 447 F.3d at 1347 n.3 (quoting U.S.S.G. § 4B1.2(a)(2)).

The Court also notes that Petitioner was not found merely in possession of a sawed-off shotgun. His offense involved selling two "streetsweepers" (a Cobray Street Sweeper and a Penn Arms Stricker-12 shotgun) to an undercover officer. He also traded a Howa .300 caliber rifle to the officer for a fully automatic AR-15 rifle. Numerous violations of federal record-keeping provisions were observed at Petitioner's place of business, and a second fully automatic AR-15 rifle was found at his residence along with the short barrel shotgun. According to the plea agreement, the two fully automatic AR-15 rifles are machine guns, and the two "streetsweeper" shotguns are destructive devices.

The Sixth Circuit may ultimately disagree with this Court and conclude that Petitioner's crimes are not crimes of violence. However, in light of *Owens*, which specifically addressed one of the offenses for which Petitioner was convicted, the Court does not believe that it committed a

clear error of law or was misled by a palpable defect when it concluded that the Bureau of Prisons properly classified Petitioner's offenses as crimes of violence.

C

Accordingly, it is **ORDERED** that Petitioner's motion to alter or amend the judgment [Dkt. 13] is **DENIED**.

<pre>
                                s/Thomas L. Ludington
                                THOMAS L. LUDINGTON
                                United States District Judge
</pre>

Dated: December 23, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 23, 2008.

<pre>
                                s/Tracy A. Jacobs
                                TRACY A. JACOBS
</pre>